UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANNTWANISHA THOMPSON,
both individually and as Administrator of the
Estate of DARRYL ANTHONY THOMPSON,

                               Plaintiff,

    v.                                        6:08-CV-1241
                                                    (DNH/ATB)

JOHN P. JOHNSON, *et al*.,

                               Defendants.

---

ELMER R. KEACH, III, ESQ., for Plaintiff
DANIEL F. HAYES, ESQ., for Defendant John P. Johnson
MARK R. WALLING, ESQ., for Defendant Murphy
BRIAN J. TOAL, ESQ., for Defendants Crocetta and Freese
THOMAS LATIN, ESQ., for Defendants Wynn, Strauser, and Graves
ROGER W. KINSEY, AAG, for Defendants John Johnson, Brown, Nieves-Evans,
    and Murray

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION AND ORDER

      Presently before the court is a discovery dispute involving the production of certain records relating to defendant Murphy.  Following a discovery conference on March 17, 2010, this court directed that, if the parties were unable to resolve the issue, those documents were to be submitted to this court for *in camera* review by March 25, 2010. (Dkt. No. 105 ¶ 3).  The parties were able to narrow their dispute regarding some of the documents, but others relating to defendants Murphy and John P.

Johnson[1] were forwarded to me for *in camera* review as attachments to a letter from Attorney Walling dated March 19, 2010.

The submitted documents were created after the fatal use of allegedly "excessive force" by defendants John P. Johnson and Murphy. These documents refer or relate to (1) the administrative and other leave taken by these defendants from their employment with the New York State Office of Children and Family Services ("OCFS"); (2) a worker's compensation claim of defendant Murphy and a related referral for a psychological assessment; and (3) defendant John P. Johnson's intention to seek a disability retirement. Defendants argue that these documents are not discoverable because they contain privileged references to psychological assessments, they are not relevant to the subject matter of the litigation, or reasonably calculated to lead to the discovery of admissible evidence, and the information contained in the documents would be inadmissible. (3/12/10 Letter of Attorney Walling, submitted under seal–Dkt. No. 102).

Based on a review of the records, this court finds that none of the documents are protected from disclosure. The general rule governing discovery is that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Second Circuit has recognized that Rule 26 relevance is "obviously broad" and is "liberally construed." *Daval Steel Prods, v.*

---

[1] Mr. Walling states in his March 12, 2010, letter that Mr. Johnson's counsel joins in the objections to disclosure of the relevant documents.

2

*M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir.1991).  Thus, defendants' argument that the information is not admissible does not alone prevent its disclosure.

Defendants also argue that the information is "privileged."  The psychotherapist-patient privilege was established by the Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1 (1996).  This seminal case stated that a patient can waive the privilege, but declined to define the full contours of the privilege or the circumstances under which it could be waived.  *Id.* at 15 n.14, 18. *See also Sims v. Blot*, 534 F.3d 117, 131-32 (2d Cir. 2008) (discussing waiver and forfeiture).  Since *Jaffe,* lower courts "have generally held that mental health records must be protected from discovery unless it can be demonstrated that the patient has no reasonable expectation that the communications will remain private." *Estate of Turnbow v. Ogden City*, 254 F.R.D. 434, 437 (D. Utah 2008) (collecting cases).  To the extent that the psychotherapists' records are to be disclosed to the patients' employer, these same courts have held that the patient has no reasonable expectation of privacy, and the records are not protected by privilege.  *James v. Harris County*, 237 F.R.D. 606, 610-11 (S.D. Tex. 2006) (collecting cases);[2] *Tesser v. Bd. of Educ.*, 154 F. Supp. 2d 388, 392-93 (E.D.N.Y. 2001) (collecting cases).

In this case, the submitted documents all appear to be internal records of OCFS which make limited references to mental health evaluations or issues relating to defendants John P. Johnson and Murphy, who were both OCFS employees.  The

---

[2] Most of the authorities discussed in the cited cases involve the applicability of the psychotherapist-patient privilege in the context of mental health evaluations of law enforcement officers to determine their fitness for return to duty after incidents that have resulted in law suits alleging excessive use of force.  The context in the instant case is substantially similar.

substance of any mental health evaluations or records are not disclosed.  Given that the limited information about the defendant's mental health issues referenced in these documents were clearly disclosed to the their employer in the context of work-related issues–e.g., leave, worker's compensation claims, or retirement–they are clearly not protected by the psychotherapist-patient privilege.

Defendants also argue that the records are irrelevant to the plaintiff's claims.  Plaintiff's complaint[3] alleges, among other things, that OCFS supervisors, a number of whom are named defendants, failed to take appropriate disciplinary or other action against defendant John P. Johnson and other employees of OCFS' Tryon facility after they were involved in alleged acts of abuse of its juvenile residents.  The complaint notes further that "unbelievably," defendant Murphy was allowed to return to work after the fatal incident described in the complaint.  (Complaint, Dkt. No. 1 ¶¶ 27-29).

The submitted documents indicate that defendants John P. Johnson and Murphy were granted liberal leave from work and were being considered for a worker's compensation claim, return to work, and/or disability retirement in the aftermath of the fatal incident, which the complaint characterizes as an unconstitutional use of excessive force.  Without passing judgment as to the merits of plaintiff's claims or making premature determinations as to what evidence might ultimately be admitted at a trial in this action, this court finds the submitted documents "relevant" to plaintiff's claim under the appropriately broad construction of Rule 26 applied in this Circuit.  To the extent the documents reference mental health issues of  defendants John P.

---

[3] A motion to amend the complaint is pending, but the proposed amended pleading makes similar allegations.

4

Johnson and Murphy in the aftermath of the alleged incident, that information would also be discoverable.  *See, e.g., Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995) (psychological testing results pertaining to the incident at issue are relevant for discovery purposes in an excessive force case against individuals).  Prior to disclosure, defendants may redact their social security numbers if they appear on any of the documents.

**WHEREFORE**, based on the above, it is

**ORDERED**, that, on or before April 12, 2010, the defendants shall disclose to the plaintiff the submitted documents, bearing Bates-stamped numbers AG-419-420, 428-436, and 796.

Dated: April 2, 2010

*[signature]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge